UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY PETERSON : | |
| Plaintiff, : | |
| : | No. 3:22-cv-26 |
| v. : | |
| : | |
| KILOLO KIJAKAZI, : | May 19, 2023 |
| Commissioner of Social Security, : | |
| Defendant. : | |

### RULING AND ORDER ON MOTION FOR ATTORNEY'S FEES [DKT. 26]

The Plaintiff Gary Peterson filed this social security action in January 2022 after having been denied disability insurance benefits. (ECF No. 1.) The Plaintiff filed a Motion for Order Reversing the Decision of the Commissioner, (ECF No. 15), and the Defendant—the Acting Commissioner of Social Security, currently Kilolo Kijakazi—filed a Motion for an Order Affirming, (ECF No. 17.) The Court granted the Plaintiff's motion finding that the Administrative Law Judge committed reversable error by failing to develop the record and substituted his own nonexpert medical opinion as to the Plaintiff's residual functional capacity for that of physicians. (ECF No. 19.) The case was reversed and remanded for additional proceedings consistent with the decision. (*Id.*)

Before the Court is the Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 21 U.S.C. § 2412. (ECF No. 21.) The Plaintiff seeks an award of attorney's fees of $7,570.78. (*Id.*) The Plaintiff's motion was filed on April 7, 2023. To date, the Commissioner has not responded, which is highly

1

unusual in this Court's experience. Typically, the Commissioner will either stipulate to the fees proposed by the Plaintiff or file an objection. As neither action was taken, the Court reviews the Plaintiff's request based solely on the arguments raised by the Plaintiff and the underlying record.

Under the EAJA, a prevailing party in a civil action against the United States is entitled to attorneys' fees absent a showing by the Government that its position in the underlying litigation "was substantially justified." § 2412(d)(1)(A). A prevailing party seeking an award of fees "shall, within thirty days of final judgment in the action," file a fee application that includes (1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award . . . (3) a statement of the amount sought together with an itemized account of time expended and rates charged . . ." and (4) an allegation that "the position of the United States was not substantially justified." *Scarborough v. Principi*, 541 U.S. 401, 414 (2004) (citing to § 2412(d)(1)(B)).

Here, the Plaintiff's motion was timely filed. The motion was filed within thirty days of the end of the appeal period. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). "The notice of appeal may be filed by any party within 60 days after entry of the judgment" in cases where, as here, one of the parties is "a United States officer or employee sued in an official capacity[.]" Fed. R. App. P. 4(a)(1)(B), (B)(iii). Thus, in this case, the 30-day EAJA clock began to run

on March 21, 2023, 60 days after judgment for plaintiff entered and no appeal was filed. The Plaintiff's motion was filed on April 7, 2023, within 30 days after March 21, 2023.  (ECF No. 21.)

The Court is to assess whether the Plaintiff has satisfied the other requirements of § 2412(d)(1)(B).  Here, the Plaintiff has shown that he is a prevailing party (as evidenced by the Court's decision granting the motion to reverse and remand), he is eligible for a fees award, he has provided an itemized statement of time spent at a specific rate, and he alleges the United States' position was not substantially justified.  The United States did not respond to the motion, let alone argue that its position was substantially justified.   The Court does not find on this record that the United State's position was substantially justified.  Thus, the Court finds the Plaintiff has complied with the statutory requirements under §§ 2412(d)(1)(A) and 2412(d)(1)(B).

Next, the Court is to assess whether the fees requested are reasonable. First, as to the amount of time billed, counsel reports devoting 33.4 hours to this action.  This amount of time is reasonable considering the voluminous record and with the multiple legal issues raised in the motion to reverse.  Second, as to the rate, counsel charged a rate of $226.67 per hour.  The EAJA caps attorneys' fees at $125 per hour "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  § 2412(d)(2)(A).  The $125 per hour rate was effective March 1996.  PL 104-121, 110 Stat. 847, § 231 (1996).  Courts adjust the $125 rate to reflect the change in cost-of-living using the Consumer Price Index (CPI), applying the cost-of-living adjustment for each year in which hours were

billed.  *Caplash v. Nielsen*, 294 F. Supp. 3d 123, 136 (W.D.N.Y. 2018).  Based on the CPI Inflation Calculator provided by the United States Bureau of Statistics, $125 in March 1996 has the same buying power as approximately $234.95[1] in 2022 and $241.89 for the first four months of 2023.  The attorney's fees requested are for a rate lower than the statutory adjusted cap.  The Court finds the rate billed reasonable in part because it is lower than the cost-of-living-adjusted statutory cap and the quality/expertise demonstrated by counsel in the pleadings.  Further support that the fees are reasonable is in the fact that the total amount sought, $7,570.78 is on par with other awards issued in similar cases by this Court.  *Coleman v. Saul*, 20-cv-1588 ($6,292.48); *Selmecki v. Colvin*, 16-cv-1775 ($7,390.50); *Bonney v. Saul*, 20-cv-1136 ($7,500.00); *Willey v. Saul*, 19-cv-1050 ($9,891.00); *Kumar v. Colvin*, 16-cv-1196 ($11,460.93).  Thus, the Court finds that the attorney's fees requested are reasonable.

Therefore, the Court grants the Plaintiff's motion for attorney's fees.

IT IS SO ORDERED

_____/s/_____

Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: May 19, 2023

---

[1] Calculated based on the average rate throughout 2022.  *CPI Inflation Calculator*, U.S. Bureau of Statistics, available at https://www.bls.gov/data/inflation_calculator.htm (last visited May 17, 2023.)